## MORELOCK *v.* STATE.

### (*Knoxville.* September 26, 1891.)

EVIDENCE. *Impeachment of dying declarations by contradictory statements of declarant.*

Dying declarations may be impeached, without laying grounds for that purpose, by proof of contradictory statements of the declarant which were not made *in extremis*, as well as by those made *in extremis*.

Cases cited and approved: McPherson *v.* State, 9 Yer., 280; 21 Cal., 368; 23 Texas Ap., 477 (S. C., 59 Am. Rep., 777).

Cited and disapproved: 20 Ohio St., 460.

### FROM HAWKINS.

Appeal in error from Circuit Court of Hawkins County. A. J. BROWN, J.

J. T. & J. K. SHIELDS, H. C. JARVIS, and A. J. TYLER for Morelock.

Attorney-general PICKLE and W. P. GILLENWATERS for State.

LURTON, J. The appellant has been convicted of murder in the second degree. The dying declarations of the deceased were admitted in evidence

against the defendant. These declarations, together with alleged admissions of the defendant, constitute the material proof implicating defendant. The defendant, after the State had closed, offered to prove certain statements made by the deceased, very shortly after he had received the wound from which he died, contradicting his dying declarations and exculpating the defendant. Upon objection by the State these statements were rejected as not having been made *in extremis*. This was error. The question has not been directly decided in this State.

In McPherson's case the dying declarations admitted in evidence were contradictory. The jury were instructed that contradictory statements in dying declarations were not governed by the rules of evidence affecting contradictory statements by a witness. This was held erroneous, and the same rules of evidence applicable to contradictory statements of a witness examined under oath held to govern in the case of contradictory dying declarations. 9 Yer., 280.

But in that case all the statements were made *in extremis*, and were clearly admissible as dying declarations. Here it was sought to affect the evidential value of dying declarations by statements not made *in extremis*, and not offered as dying declarations. The objection urged is, that ground has not been laid for the admission of contradictory statements as is required in the case of a witness under oath, who must first have his atten-

tion called to the time and circumstances that he may have opportunity to explain. This opportunity can seldom arise where dying declarations are offered in evidence, for such declarations are usually made to the friends of the declarant, and in the absence of the party against whom they are directed, and no opportunity is therefore presented for cross-examination or for calling attention to any alleged contradictory statement.

Dying declarations are a species of evidence admitted from the necessity of the case, and to be received with caution. As observed by Judge Field, in the case of *The People* v. *Lawrence*, 21 Cal., 372, "though the condition of the person making the declarations in the last hours of his life, under a sense of impending dissolution, may compensate for the want of an oath, it can never make up for the want of a cross-examination. There would be no justice, therefore, in any rule of law which would deprive the accused, under such circumstances, of the right to impeach the credit of the deceased by proof of his having made contradictory statements as to the homicide and its cause."

The case at bar is an illustration of the justice of admitting such evidence. Though the homicide occurred in the midst of a crowd of persons, yet, from inattention or other cause, no one was able to say who had fired the fatal shot. While it was shown that the defendant was present, and had during the day quarreled with the deceased,

yet it is also shown that the deceased was drink-
ing and boisterous, and had had a quarrel with
another person likewise. on the ground where the
shooting occurred. The declarations of the deceased
made *in extremis* were brief and wholly without
details, consisting merely in the statement that he
had been shot by the defendant. Whether this
was mere conjecture, or the statement of a con-
scious fact, could only be shown by cross-exami-
nation. Under such circumstances, to deprive the
defendant of the only possible method of impeach-
ing the credit or memory of the declarant, by
proof of contradictory statements, would.be a gross
injustice. The rule, as established by the decided
weight of reason and authority, is, that statements
by the declarant, contradictory of his dying decla-
rations, may be shown to detract from their weight
with the jury. *People* v. *Lawrence,* 21 Cal., 368;
Bishop Cr. Pro., Sec. 1209; *Fielder* v. *State,* 23
Texas Ap., 477 (S. C., 59 Am. Rep., 777).

The only case holding otherwise is that of
*Wroe* v. *State,* 20 Ohio St., 460. This case has
never been followed, so far as we have been able
to discover, and its reasoning is narrow and un-
satisfactory.

For this error the case is reversed and remanded
for a new trial.