Nashville, Chattanooga & St. Louis Railway *v.* J. M.
Reams.*

(*Jackson.*    April Term, 1928.)

Opinion filed July 16, 1928.

### EQUITY JURISDICTION. LIEN. UNLIQUIDATED DAMAGES. ORIGINAL BILL. DEMURRER.

Where it is alleged in a bill that defendant had sued complainant
before a justice of the peace to recover for a mule killed by a
train, obtained a judgment and an appeal was pending, that as
a result of the contact with the mule the train, complainant's track
and rolling stock was damaged in an amount greater than the
said judgment, that defendant had permitted said mule to run
at large in violation of the statute, that complainant is advised
that it has a lien upon the mule for such damages, but since said
mule which did the damage was killed complainant is entitled to
whatever sum is recovered by defendant, that complainant has
no adequate remedy at law to enforce said lien and prays to
be allowed to come into a court of equity to the end that said
lien may be set up in the cause of action which defendant is
now prosecuting in the Circuit Court and that all the rights and
equities between the parties growing out of the accident be de-
termined in the Chancery Court, the original bill is subject to
demurrer on the ground that it is a suit for unliquidated dam-
ages for injury to property not resulting from a breach of oral
or written contract, since the matters in controversy lie within
the exclusive jurisdiction of the Circuit Court and no ground is
presented to authorize a court of equity to assert jurisdiction and
denude the Circuit Court of its jurisdiction.   (Post, p. 345.)

Citing: Shannon's Code, sec. 6109; Swift v. Warehouse Co., 128
Tenn., 82; Railroad v. Transportation Co., 128 Tenn., 278; Rhea
v. Hooper, 5 Lea, 390; Horton v. Nashville, 4 Lea 50; Kirkeys &
Son v. Crandall, 90 Tenn., 531; Ducktown Co. v. Fain, 109 Tenn.,
56.

*Headnote 1. Equity, 21 C. J., section 14; Injunctions, 32 C. J., sec-
tions 37-38.

Appeal from the Chancery Court of Fayette County.—
HON. V. H. HOLMES, Chancellor.

FRANK SLEMONS, H. C. MOORMAN and WALTON WHITE-
WELL, for appellants.

CHARLES A. STAINBACK, for appellee.

MR. JUSTICE COOK, delivered the opinion of the Court.

The defendant sued complainant before a Justice of
the Peace to recover for a mule struck and killed by a
train. A judgment was rendered for $200. Complain-
ant appealed the cause to the Circuit Court where it
was pending when this suit was filed to enjoin the ac-
tion at law; and for an adjustment of the rights and
equities of the parties.

It is charged in the bill that as a result of the contact
of the mule with the train, complainant's track and roll-
ing stock were damaged $4,000 for which the defendant,
Reams, is liable.

First. Because he knowingly, negligently and illegal-
ly permitted his mules to run at large when one of them
suddenly ran in front of the train, was struck by the
locomotive and killed; and the locomotive and cars were
derailed causing the loss.

Second. Because he permitted his mules to run at
large in violation of Chapter 13, Acts of 1901, and while
so running at large one of them appeared on complain-
ant's railroad track, came into collision with a train,
causing the loss for which he is liable under Chapter 13,

Acts of 1901; and that complainant is given a lien under Section 3 of the Act upon the mule for the damages caused the railway's property.

The jurisdiction of the Chancery Court is invoked upon statements and allegations as follows:

"The mule which did the damage was killed in the accident and the lien on the same is of course ineffective. However, complainant is advised that on whatever sum is recovered by the defendant, Reams, in the action at law, this complainant is entitled to a lien under Section 3 of the Acts of 1901, above quoted.

"Complainant is advised that it has no adequate remedy at law to enforce said lien and that therefore it comes into this Court to the end that said lien may be set up and enforced on the cause of action which the defendant Reams is now prosecuting in the Circuit Court, and that all the rights and equities between the parties growing out of such accident may be determined and decreed by this Court."

The defendant demurred among other grounds "because the bill shows on its face that it is a suit for unliquidated damages for injury to property not resulting from a breach of oral or written contract, and therefore the Chancery Court has no jurisdiction to entertain, try or hear said cause."

(1) The Chancellor sustained the demurrer and complainant appealed insisting that the rights and equities growing out of the accident can only be determined by a court of equity. It is further insisted that the Chancery Court has jurisdiction to enforce the lien given in Section 3 of the Act referred to; and having acquired jurisdiction for that purpose will exercise it for all purposes.

The object of the bill is to adjust compensation between contending tort-feasors. A court of equity has no jurisdiction over matter of unliquidated damages for injuries to property, not arising from contract. Shannon's Code, Section 6109. No contractual rights are involved. The matters in controversy lie within the exclusive jurisdiction of the Circuit Court where both parties are afforded an adequate remedy for the alleged torts.

No ground for equitable or injunctive relief is presented to authorize a court of equity to assert jurisdiction and to denude the Circuit Court of its jurisdiction. *Swift* v. *Warehouse Co.*, 128 Tenn., 82; *Railroad* v. *Transportation Co.*, 128 Tenn., 278; *Rhea* v. *Hooper*, 5 Lea, 390; *Horton* v. *Nashville*, 4 Lea, 50; *Kirkey's & Son* v. *Crandall*, 90 Tenn., 531; *Ducktown Co.* v. *Fain*, 109 Tenn., 56.

The decree of the Chancellor is affirmed.